**UNDER SEAL**

2019 JAN 30 PM 4:23

FILED

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

September 2018 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 19-00027 JGB |
| Plaintiff, | |
| v. | I N D I C T M E N T |
| USA HAPPY BABY INC., MICHAEL WEI YUEH LIU, and JING DONG, | [18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1956(a)(2)(A): International Promotional Money Laundering; 18 U.S.C. § 1028(a)(7): Unlawful Transfer, Possession, and Use of Means of Identification; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 26 U.S.C. § 7206(1): Subscribing to a False Tax Return; 18 U.S.C. § 2(a): Aiding and Abetting; 18 U.S.C. § 2(b): Causing an Act to be Done] |
| Defendants. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.    A citizen of a foreign country who wished to enter the United States generally was required to first obtain a visa from the U.S. Government: either a nonimmigrant visa for temporary stay, or an immigrant visa for permanent residence.  Visitor visas were

nonimmigrant visas for persons who wanted to enter the United States temporarily for business (visa category B-1), for tourism, for pleasure or visiting (category B-2), or for both purposes (B-1/B-2).

2.    In order to apply for a tourist visa, an applicant was required to complete and submit a Nonimmigrant Visa Application and schedule an appointment for a visa interview.  Generally, the visa interview would take place at a U.S. Embassy/Consulate in a foreign country.

3.    Receiving a tourist visa from the U.S. Government was a privilege, not a right.  In order to be granted a nonimmigrant visa to visit the United States, applicants were required to overcome the presumption in the U.S. Immigration and Nationality Act that all visa applicants are immigrants who intend to remain in the United States.

4.    "Birth tourism" – also known as "maternity house" or "birthing house" – businesses were operations that housed pregnant foreign nationals in properties in the United States so that their children could be born in the United States and receive U.S. birthright citizenship.  The operators helped the aliens fraudulently obtain visas to come to the United States, by filing visa applications that contained multiple false statements by misrepresenting the true intention of the visits.

5.    Chinese birth tourism companies advertised the benefits of having children with birthright U.S. citizenship, such as to hedge against environmental, educational, and political problems in China.

6.    In March 2015, federal law enforcement executed search warrants at approximately 35 suspected Chinese birth tourism locations throughout southern California, including in Orange, Los Angeles, and San Bernardino Counties.

1      7.    These Introductory Allegations are alleged for all Counts
2  in this Indictment as though set forth in their entirety.

COUNT ONE

[18 U.S.C. § 371]

A.  OBJECTS OF THE CONSPIRACY

    8.  Beginning on a date unknown to the Grand Jury, but no later than in or around January 2012, and continuing to in or around March 2015, in Orange, San Bernardino, and Los Angeles Counties, within the Central District of California, and elsewhere, including the People's Republic of China ("PRC"), defendants USA HAPPY BABY INC. ("USA HAPPY BABY"), MICHAEL WEI YUEH LIU ("LIU"), and JING DONG ("DONG"), together with others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally commit offenses against the United States, namely:

        a.  Immigration Fraud, in violation of Title 18, United States Code, Section 1546;

        b.  Wire Fraud, in violation of Title 18, United States Code, Section 1343;

        c.  International Promotional Money Laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(A);

        d.  Unlawful Transfer, Possession, and Use of Means of Identification, in violation of Title 18, United States Code, Section 1028(a)(7); and

        e.  Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A(a)(1).

B.  MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE
    ACCOMPLISHED

    9.  The objects of the conspiracy were to be accomplished, in substance, as follows:

        a.  Defendant LIU would incorporate defendant USA HAPPY

4

1  BABY with the California Secretary of State.

2    b. Defendants LIU, DONG, and USA HAPPY BABY would

3  advertise their business on the internet, including using email

4  address usahappybaby@hotmail.com, through which they would promote

5  the benefits of giving birth in the United States rather than

6  China/PRC, including identifying the United States as having: (a) a

7  clean environment, including "better air" and less pollution;

8  (b) food safety; (c) superior educational resources; and (d) a more

9  stable political situation, as well as the possibility of petitioning

10 to bring their parents to the United States in the future.

11   c. Defendants LIU and DONG would generally charge between

12 $20,000 and $40,000 for each birth tourism customer, but sometimes

13 would charge $100,000 for "VIP" customers.

14   d. Defendants LIU and DONG would use agents in China to

15 recruit pregnant Chinese nationals who wanted to come to the United

16 States to give birth so their children would receive U.S. birthright

17 citizenship.

18   e. Defendants LIU and DONG would pay those Chinese agents

19 30% of the package fee that the Chinese customers paid, keeping the

20 remaining 70% for themselves.

21   f. Defendants LIU and DONG would communicate by email

22 with their more than 20 employees and agents in China.

23   g. Defendants LIU and DONG would provide birth tourism

24 services to all types of customers from China, including customers

25 who were current Chinese/PRC government employees.

26   h. Defendants LIU and DONG, together with others known

27 and unknown to the Grand Jury, including their agents in China, would

28 cause to be filed visa applications for their Chinese customers with

the U.S. Department of State, which contained false statements.

        i.   Defendant USA HAPPY BABY's customers' visa applications would contain false statements as to the purpose of the visits, the length of stay in the United States, and the locations of the stay in the United States.  Generally, defendant USA HAPPY BABY's customers' visa applications would falsely state that the purpose of the trip to the United States was for tourism, the length of the stay was eight to 14 days, and the customers would be staying in Hawaii, New York, or Los Angeles, when in truth and in fact, those customers were coming to the United States to give birth, the length of their stays was 3 months, and they would be staying in Rancho Cucamonga, California, or Irvine, California.

        j.   Defendants LIU and DONG, together with others known and unknown to the Grand Jury, would coach their Chinese customers how to pass the U.S. Consulate interview in China, including telling the customers to say they were going to stay in the United States for only two weeks, and warning the customers that if they disclosed that they were pregnant, they would not be able to obtain a visa.

        k.   Defendants LIU and DONG, together with others known and unknown to the Grand Jury, would coach their Chinese birth tourism customers how to pass the U.S. Customs inspection at the U.S. port of entry, including sending them photographs of how to dress with loose-fitting clothing that would conceal that the customers were pregnant.

        l.   Defendants LIU and DONG, together with others known and unknown to the Grand Jury, would direct their Chinese birth tourism customers to book two flights: (a) the first flight from China to Hawaii, instead of from China to Los Angeles International

Airport ("LAX"), because they believed that it would be easier to clear U.S. Customs through Hawaii; and (b) the second flight from Hawaii to LAX, which would then be considered a domestic flight with no U.S. Customs check.

m.    Defendants LIU and DONG would lease apartments in San Bernardino and Orange Counties to house their pregnant Chinese customers, including properties owned by the Irvine Company.

n.    To lease those apartments, defendants LIU and DONG would defraud the property owners by leasing the apartments in the names of people who were not going to be the actual occupants, as well as concealing from the property owners that defendants LIU and DONG were running a business of housing multiple individuals on a short-term basis, and that they were operating an illegal international birth tourism business.

o.    Defendants LIU and DONG would house their Chinese birth tourism customers at locations in San Bernardino and Orange Counties, even though they knew that their customers' visas had been procured by fraud.

p.    To deposit payments from their Chinese birth tourism customers, defendants LIU and DONG opened and used at least 14 different bank accounts in the United States, as well as other foreign bank accounts, including in China.

q.    To receive payments from their Chinese birth tourism customers, defendants LIU and DONG would cause international transfers of funds from China to the United States, which totaled more than $3,400,000 just during 2013 and 2014.

r.    To skirt China's currency restrictions, defendants LIU and DONG's Chinese agents would use nominees to transfer the money

7

from China to the United States.

s.    Defendants LIU and DONG, and others known and unknown to the Grand Jury, would collect between $10,000 and $20,000 in cash from their birth tourism customers after they arrived in the United States, which was in addition to the tens of thousands of dollars that the customers had already paid in China for defendant USA HAPPY BABY's birth tourism services, which cash they would fail to report as income to the IRS.

t.    To operate their birth tourism scheme, defendants LIU, DONG, and USA HAPPY BABY employed more than 20 people in the United States, whom they mostly paid in cash, and many of whom were illegally present in the U.S.

u.    Defendant LIU, DONG, and USA HAPPY BABY's Chinese birth tourism customers would fail to pay all the costs of giving birth in the United States, including hospital, doctor, and other bills, which would then be referred to collection.

v.    Defendants LIU and USA HAPPY BABY would file false federal income tax returns for defendants USA HAPPY BABY and LIU that failed to report approximately $1,900,000 in income for tax years 2012, 2013, and 2014.

w.    From in or around January 2014 to the end of December 2014, defendants LIU and DONG would rent more than 30 different locations in Orange and San Bernardino Counties to house pregnant foreign nationals who had come to the United States to give birth by using visas that had been procured by fraud.

x.    From in or around January 2013 through the end of December 2013, defendants LIU, DONG, and USA HAPPY BABY would receive approximately $1,400,000 in international wire transfers.

1         y.   From in or around January 2014 through the end of

2    December 2014, defendants LIU, DONG, and USA HAPPY BABY would receive

3    approximately $2,000,000 in international wire transfers.

4         z.   From in or around January 2012 through March 2015,

5    defendants USA HAPPY BABY, LIU, and DONG would have several hundred

6    Chinese birth tourism customers who through fraud would be able to

7    come to the United States to birth, whose children thus received

8    birthright U.S. citizenship.

9    C.   OVERT ACTS

10        10.   In furtherance of the conspiracy, and to accomplish its

11   objects, on or about the following dates, defendants USA HAPPY BABY,

12   LIU, and DONG, and others known and unknown to the Grand Jury,

13   committed various overt acts within the Central District of

14   California, and elsewhere, including, but not limited to, the

15   following:

16        Overt Act No. 1: On or about January 1, 2012, defendant LIU

17   incorporated defendant USA HAPPY BABY with the California Secretary

18   of State.

19        Overt Act No. 2: On or about November 20, 2012, defendant DONG

20   used the name "Phoebe Baby LAapartment" for her email message

21   usahappybaby@hotmail.com.

22        Overt Act No. 3: On or about January 13, 2013, one of defendant

23   USA HAPPY BABY's agents in China sent an email message to defendant

24   USA HAPPY BABY customer M.W., a Chinese national, which instructed:

25   "Contact Teacher Dong who is the person in charge on the U.S. side."

26        Overt Act No. 4: On or about February 14, 2013, defendant DONG

27   sent an email message to one of defendant USA HAPPY BABY's agents in

28   China, where defendant DONG lamented that one of their birth tourism

1  customers was going over the contract "in great detail and verifying

2  everything with us with even more attention than flees on a dog."

3      <u>Overt Act No. 5:</u> On or about April 3, 2013, defendant DONG sent

4  an email message to a defendant USA HAPPY BABY employee about a birth

5  certificate, where she wrote: "We have a 'genius' mom here who

6  mistakenly misspelled father's name.  It has to be amended."

7      <u>Overt Act No. 6:</u> On or about October 16, 2013, defendant LIU

8  signed a one-year lease for an apartment for $1,494/month, where he

9  falsely represented that Y.S., a Chinese national, would be the

10 occupant of the apartment.

11     <u>Overt Act No. 7:</u> On or about December 7, 2013, defendant LIU

12 signed a one-year lease for an apartment for $1,617/month, where he

13 falsely represented that M.W., a Chinese national, would be the

14 occupant of the apartment.

15     <u>Overt Act No. 8:</u> On or about February 18, 2014, defendants LIU

16 and DONG signed a one-year lease for an apartment, claiming that

17 defendant LIU's monthly income was $106,984, and wherein they falsely

18 listed that they would be the occupants.

19     <u>Overt Act No. 9:</u>  On or about March 10, 2014, defendant USA

20 HAPPY BABY customer Y.Z., a Chinese national, filed a visa

21 application to come to the United States, which listed her current

22 job as "Government" and "Director" of the Tianjin Nankai District

23 Real Estate Administration, Tianjin, China, and contained false

24 statements.

25     <u>Overt Act No. 10:</u>  On or about June 5, 2014, defendant USA HAPPY

26 BABY employee J.Y., a Chinese national, filed a visa application to

27 come to the United States, wherein she stated that she had retired

28 from the Ningxia Bureau of Human Development Services, in Yinchuan,

Ningxia, China.

Overt Act No. 11: On or about June 20, 2014, defendant USA HAPPY BABY customer C.Z., a Chinese national, filed a visa application to come to the United States, which contained false statements.

Overt Act No. 12: On or about August 19, 2014, Chinese national Z.A., who was married to defendant USA HAPPY BABY customer J.L., also a Chinese national, filed a visa application to come to the United States, which not only made false statements about the location where he planned to stay in the United States, but also omitted that for several years he had previously worked as a police officer for the Public Security Bureau of the Beijing Municipal Government in China.

Overt Act No. 13: On or about September 27, 2014, defendant LIU signed a one-year lease for an apartment for $1,586/month, where he falsely represented that Y.S., a Chinese national, would be the occupant of the apartment.

Overt Act No. 14: On or about October 5, 2014, defendant DONG signed a six-month lease for an apartment for $1,875/month, where she falsely represented that she and her children with defendant LIU would be the occupants.

Overt Act No. 15: On or about October 22, 2014, defendant LIU signed a one-year lease for an apartment for $1,720/month, where he falsely represented that M.W., a Chinese national, would be the occupant.

Overt Act No. 16: On or about October 29, 2014, defendant USA HAPPY BABY customer Yu.L., a Chinese national, filed a visa application that listed her current job as "Medical/Health" at the 2nd Affiliated Hospital of Harbin Medical University, Harbin,

Heilongjiang Province, China, and contained false statements.

Overt Act No. 17: On or about November 3, 2014, defendant USA HAPPY BABY's Chase checking account ending in 8558 made payments totaling more than $25,000 for 16 different apartments leased to house defendant USA HAPPY BABY's birth tourism customers.

Overt Act No. 18: On or about November 4, 2014, defendant USA HAPPY BABY's Chase checking account ending in 8558 made payments totaling more than $21,000 for 13 different apartments leased to house defendant USA HAPPY BABY's birth tourism customers.

Overt Act No. 19: On or about November 11, 2014, defendant USA HAPPY BABY customer Yua.L., a Chinese national, filed a visa application that listed her current job as "Government" and Deputy Director of the Henan People's Radio Station in Zhengzhou, Henan, China, and which contained false statements.

Overt Act No. 20: On or about November 15, 2014, a check for $46,848 payable to defendant USA HAPPY BABY was deposited into defendant USA HAPPY BABY's Chase checking account ending in 8558, which was partial payment for one of its birth tourism customers, Chinese national C.Z.

Overt Act No. 21: On or about December 10, 2014, defendant DONG signed a defendant USA HAPPY BABY receipt for $15,000 cash received from one of defendant USA HAPPY BABY's birth tourism customers.

Overt Act No. 22: On or about January 6, 2015, Chinese national W.L. entered the United States to be present for the birth of his daughter with his daughter's mother, defendant USA HAPPY BABY customer C.Z. To obtain a visa to travel to the United States, W.L. had listed on his visa application that he was the "Chairman" of the Chengdu Baotai Industrial Group Co. Ltd. in Chengdu, Sichuan, PRC,

claiming that his monthly income was approximately $30,000.

Overt Act No. 23: On or about January 12, 2015, defendant DONG sent an email message to one of defendant USA HAPPY BABY's Chinese agents, where defendant DONG wrote: "U.S. side is not going to give a 20% discount."

Overt Act No. 24: On or about January 29, 2015, defendants DONG and LIU signed a one-year lease for a condominium in Irvine, for $3,500 a month, where they falsely claimed that they would be the occupants.

Overt Act No. 25: On or about March 3, 2015, once the federal agents had departed after executing search warrants at apartments being used for defendant USA HAPPY BABY's birth tourism customers, defendant DONG moved some customers to other apartments, so that the federal agents could not speak to those customers.

Overt Act No. 26: On or about March 3, 2015, defendants LIU and DONG possessed business records of defendant USA HAPPY BABY, which demonstrated that they were using more than 30 different apartments to house their birth tourism customers.

Overt Act No. 27: On or about March 3, 2015, defendants LIU and DONG possessed copies of email messages that defendant DONG had sent to a hospital that listed 24 of their birth tourism customers' names.

Overt Act No. 28: On or about March 4, 2015, after federal agents had searched apartments being used by defendant USA HAPPY BABY, defendant DONG sent text messages to multiple defendant USA HAPPY BABY customers wherein she stated that she believed that one of her customers had "betrayed" her to the federal authorities.

Overt Act No. 29: On or about April 12, 2015, defendant USA HAPPY BABY customer W.W. and her husband R.L.C., both Chinese

nationals, fled to China in violation of federal court orders that required that they remain in the United States as material witnesses until released by the Court.

Overt Act No. 30: On or about April 12, 2015, defendant USA HAPPY BABY customer J.L., a Chinese national, fled to China in violation of a federal court order that required that she remain in the United States as a material witness until released by the Court.

Overt Act No. 31: On or about April 13, 2015, defendant USA HAPPY BABY customer J.H., a Chinese national, fled to China in violation of a federal court order that required that she remain in the United States as a material witness until released by the Court.

Overt Act No. 32: On or about April 14, 2015, defendant USA HAPPY BABY customer E.Z., her husband L.N., and her mother J.X., all Chinese nationals, fled to China in violation of federal court orders that required that they remain in the United States as material witnesses until released by the Court.

Overt Act No. 33: On or about April 16, 2015, defendant USA HAPPY BABY customer Z.Y. and husband D.J.H., both Chinese nationals, fled to China in violation of federal court orders that required that they remain in the United States as material witnesses until released by the Court.

COUNTS TWO THROUGH SEVENTEEN

[18 U.S.C. §§ 1343, 2(a), 2(b)]

A.   SCHEME TO DEFRAUD

11.   Beginning on a date unknown to the Grand Jury, but no later than in or around January 2012, and continuing until in or around March 2015, in Orange, San Bernardino, and Los Angeles Counties, within the Central District of California, and elsewhere, defendants USA HAPPY BABY, INC. ("USA HAPPY BABY"), MICHAEL WEI YUEH LIU ("LIU"), and JING DONG ("DONG"), together with others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly and with intent to defraud, executed a scheme to obtain moneys, funds, assets, and other property owned by and in the custody and control of AMLI residential, Equity Residential, the Irvine Company, and The Lewis Group of Companies (collectively, "the property owners") by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

B.   THE MANNER AND MEANS OF THE FRAUDULENT SCHEME

12.   The fraudulent scheme operated, in substance, in the following manner:

a.   The Grand Jury realleges Section B of Count One of this Indictment as though set forth in its entirety here.

b.   Defendants LIU and DONG would rent and lease apartments, condominiums, and Single Family Residences from the property owners to house their Chinese birth tourism customers.

c.   To rent those properties, defendants LIU and DONG would make false representations and promises and conceal material facts from the property owners.

d.   Defendants LIU and DONG would pay the rent and other expenses for those rental properties by using funds they received from operating their fraudulent birth tourism scheme.

e.   Defendants LIU and DONG would make wire transfers for some of those expenditures, including by interstate wire communications.

C.   <u>USE OF THE WIRES</u>

13.   On or about the dates set forth below, in Orange, San Bernardino, and Los Angeles Counties, within the Central District of California, and elsewhere, defendants USA HAPPY BABY, LIU, and DONG, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission of the following items by means of wire communication in interstate and foreign commerce:

| COUNT | DATE | ITEM WIRED |
|-------|------|------------|
| TWO | 09/10/2014 | $37.11 payment to The Gas Company for Unit 7316 from defendant USA HAPPY BABY's Chase checking account ending in 8558 |
| THREE | 11/03/2014 | Lease payment of $1,875 from defendant DONG's Bank of America checking account ending in 0831 for Unit 1336 |
| FOUR | 12/01/2014 | Lease payment of $1,879 from defendant DONG's Bank of America checking account ending in 0831 for Unit 1336 |
| FIVE | 12/02/2014 | Lease payment of $1,781.35 from defendant USA HAPPY BABY's Chase checking account ending in 8558 for Unit 7214 |
| SIX | 12/02/2014 | Lease payment of $1,643.05 from defendant USA HAPPY BABY's Chase checking account ending in 8558 for Unit 7316 |
| SEVEN | 12/10/2014 | $37.06 payment to The Gas Company for Unit 7214 from defendant USA HAPPY BABY's Chase checking account ending in 8558 |
| EIGHT | 12/10/2014 | $21.64 payment to The Gas Company for Unit 7316 from defendant USA HAPPY BABY's Chase checking account ending in 8558 |
| NINE | 01/02/2015 | Lease payment of $1,894.14 from defendant DONG's Bank of America checking account ending in 0831 for Unit 1336 |
| TEN | 01/05/2015 | Lease payment of $1,786.76 from defendant USA HAPPY BABY's Chase checking account ending in 8558 for Unit 7214 |

| COUNT | DATE | ITEM WIRED |
|-------|------|-----------|
| ELEVEN | 01/05/2015 | Lease payment of $1,650.53 from defendant USA HAPPY BABY's Chase checking account ending in 8558 for Unit 7316 |
| TWELVE | 01/12/2015 | $27.70 payment to The Gas Company for Unit 7214 from defendant USA HAPPY BABY's Chase checking account ending in 8558 |
| THIRTEEN | 01/12/2015 | $27.70 payment to The Gas Company for Unit 7316 from defendant USA HAPPY BABY's Chase checking account ending in 8558 |
| FOURTEEN | 01/12/2015 | Email message from defendant DONG to defendant USA HAPPY BABY Chinese agent, writing: "U.S. side is not going to give a 20% discount" |
| FIFTEEN | 02/02/2015 | Lease payment of $1,939.88 from defendant DONG's Bank of America account ending in 0831 for Unit 1336 |
| SIXTEEN | 02/03/2015 | Lease payment of $1,792.31 from defendant USA HAPPY BABY's Chase checking account ending in 8558 for Unit 7214 |
| SEVENTEEN | 02/03/2015 | Payment of $1,651.33 from defendant USA HAPPY BABY's Chase checking account ending in 8558 to make lease payment for Unit 7316 |

COUNTS EIGHTEEN THROUGH TWENTY-SEVEN

[18 U.S.C. §§ 1956(a)(2)(A), 2]

14.   On or about the dates below, in San Bernardino and Los Angeles Counties, within the Central District of California, and elsewhere, defendants MICHAEL WEI YUEH LIU ("LIU") and JING DONG ("DONG"), each aiding and abetting the other, knowingly transported, transmitted, and transferred, and willfully caused the transportation, transmission, and transfer of, and knowingly aided, abetted, counseled, commanded, induced, and procured another person to transport, transmit, and transfer, the funds listed below to a place inside the United States from and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, specifically, immigration fraud, in violation of Title 18, United States Code, Section 1546(a), and wire fraud, in violation of Title 18, United States Code, Section 1343:

| Count | Date | INTERNATIONAL FUNDS TRANSFER |
|---|---|---|
| EIGHTEEN | 08/28/2014 | Wire transfer of $49,100 from Bank of China, Qingdao (Shandong branch), People's Republic of China ("PRC"), to defendant DONG's Chase savings account ending in 6916 |
| NINETEEN | 08/28/2014 | Transfer of $49,080 from Bank of China Limited, Beijing, PRC, to defendant DONG's Chase savings account ending in 6916 |
| TWENTY | 09/02/2014 | Transfer of $19,985 from Industrial and Commercial Bank of China, Shenzhen, PRC, to defendant USA HAPPY BABY INC.'s Chase savings account ending in 4626 |
| TWENTY-ONE | 09/25/2014 | Wire transfer of $154,025 from Chinatrust Commercial Bank CTBC Bank Co., Ltd., Taiwan, to defendant LIU's Chase savings account ending in 5783 |
| TWENTY-TWO | 10/10/2014 | Wire transfer of $25,432 from Bank of China, Shenzhen, PRC, to defendant DONG's Chase savings account ending in 6916 |
| TWENTY-THREE | 10/27/2014 | Transfer of $16,280 from China Everbright Bank, Beijing, PRC, to defendant DONG's Chase savings account ending in 6916 |

| Count | Date | International Funds Transfer |
|---|---|---|
| TWENTY-FOUR | 12/19/2014 | Wire transfer of $18,183 from Bank of China, Hangzhou (Zhejiang province), PRC, to defendant DONG's Chase savings account ending in 6916 |
| TWENTY-FIVE | 12/26/2014 | Wire transfer of $3,379.90 from Bank of China, Shenzhen, PRC, to defendant DONG's Chase savings account ending in 6916 |
| TWENTY-SIX | 02/03/2015 | Wire transfer of $49,911.04 from China Merchants Bank, Shanghai, PRC, to defendant DONG's Chase savings account ending in 6916 |
| TWENTY-SEVEN | 02/03/2015 | Wire transfer of $49,911.04 from China Merchants Bank, Shanghai, PRC, to defendant DONG's Chase savings account ending in 6916 |

COUNTS TWENTY-EIGHT THROUGH THIRTY

[18 U.S.C. §§ 1028(a)(7), 2(a)]

15.  On or about the following dates, in San Bernardino County, within the Central District of California, and elsewhere, defendants MICHAEL WEI YUEH LIU ("LIU") and JING DONG ("DONG"), each aiding and abetting the other, knowingly transferred, possessed, and used, without lawful authority, means of identification of another person, namely, the names of the individuals listed below, in the locations listed below, with the intent to commit, to aid and abet the commission of, and in connection with the commission of, a violation of Federal law, namely, Conspiracy to Commit Immigration Fraud, Wire Fraud, and International Money Laundering, in violation of Title 18, United States Code, Section 371, and Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, with said transfer, possession, and use affecting interstate and foreign commerce:

| COUNT | DATE | IDENTITY | ITEM | LOCATION |
|---|---|---|---|---|
| TWENTY-EIGHT | 09/27/2014 | Y.S. | Unit 7316 lease | Reserve at Empire Lakes Rancho Cucamonga, CA |
| TWENTY-NINE | 10/22/2014 | M.L.W. | Unit 7214 lease | Reserve at Empire Lakes Rancho Cucamonga, CA |
| THIRTY | 03/03/2015 | M.L.W. | Email message dated 7/31/13 | LIU and DONG's residence |

COUNTS THIRTY-ONE THROUGH THIRTY-THREE

[18 U.S.C. §§ 1028A(a)(1), 2(a)]

16.   On or about the dates below, in San Bernardino County, within the Central District of California, defendants MICHAEL WEI YUEH LIU ("LIU") and JING DONG ("DONG"), each aiding and abetting the other, knowingly transferred, possessed, and used, without lawful authority, means of identification that defendants LIU and DONG knew belonged to another person, namely, the names of the individuals listed below, during and in relation to the offense of Wire Fraud, in violation of Title 18, United States Code, Section 1343, as charged in the following counts of this Indictment:

| COUNT | DATE | IDENTITY | PREDICATE OFFENSE |
|---|---|---|---|
| THIRTY-ONE | 09/27/14 | Y.S. | COUNT SIX |
| THIRTY-TWO | 10/22/14 | M.L.W. | COUNT FIVE |
| THIRTY-THREE | 03/03/15 | M.L.W. | COUNT SEVEN |

COUNT THIRTY-FOUR

[26 U.S.C. § 7206(1)]

17.   On or about January 21, 2013, in San Bernardino County, within the Central District of California, and elsewhere, defendants USA HAPPY BABY INC. ("USA HAPPY BABY") and MICHAEL WEI YUEH LIU ("LIU") willfully made and subscribed to a materially false U.S. Corporation Income Tax Return, Form 1120, for defendant USA HAPPY BABY for the taxable year 2012, which was verified by a written declaration from defendant LIU that it was made under the penalties of perjury, and which defendant LIU caused to be filed with the Internal Revenue Service, knowing the tax return was not true and correct as to every material matter contained therein, in that the tax return reported Gross receipts or sales (line item 1c) of $238,896, whereas, in truth and in fact, as defendant LIU then well knew and believed, the amount of Gross receipts or sales required to be reported on such return was substantially greater, because defendant USA HAPPY BABY had in fact received more than $400,000 in Gross receipts or sales.

COUNT THIRTY-FIVE

[26 U.S.C. § 7206(1)]

18.   On or about March 14, 2014, in San Bernardino County, within the Central District of California, and elsewhere, defendants USA HAPPY BABY INC. ("USA HAPPY BABY") and MICHAEL WEI YUEH LIU ("LIU") willfully made and subscribed to a materially false U.S. Corporation Income Tax Return, Form 1120, for defendant USA HAPPY BABY for the taxable year 2013, which was verified by a written declaration from defendant LIU that it was made under the penalties of perjury, and which defendant LIU caused to be filed with the Internal Revenue Service, knowing the tax return was not true and correct as to every material matter contained therein, in that the tax return reported Gross receipts or sales (line item 1c) of $747,703, whereas, in truth and in fact, as defendant LIU then well knew and believed, the amount of Gross receipts or sales required to be reported on such return was substantially greater, because defendant USA HAPPY BABY had in fact received more than $1,500,000 in Gross receipts or sales.

COUNT THIRTY-SIX

[26 U.S.C. § 7206(1)]

19.   On or about February 26, 2015, in San Bernardino County, within the Central District of California, and elsewhere, defendants USA HAPPY BABY INC. ("USA HAPPY BABY") and MICHAEL WEI YUEH LIU ("LIU") willfully made and subscribed to a materially false U.S. Corporation Income Tax Return, Form 1120, for defendant USA HAPPY BABY for the taxable year 2014, which was verified by a written declaration from defendant LIU that it was made under the penalties of perjury, and which defendant LIU caused to be filed with the Internal Revenue Service, knowing the tax return was not true and correct as to every material matter contained therein, in that the tax return reported Gross receipts or sales (line item 1c) of $1,299,937, whereas, in truth and in fact, as defendant LIU then well knew and believed, the amount of Gross receipts or sales required to be reported on such return was substantially greater, because

///

///

///

1   defendant USA HAPPY BABY had in fact received more than $2,100,000 in

2   Gross receipts or sales.

3                                       A TRUE BILL

5                                  _____

                                  Foreperson

6   NICOLA T. HANNA
    United States Attorney

9   LAWRENCE S. MIDDLETON
    Assistant United States Attorney
10   Chief, Criminal Division

11   DENNISE D. WILLETT
    Assistant United States Attorney
12   Chief, Santa Ana Branch Office

13   DANIEL H. AHN
    Assistant United States Attorney
14   Deputy Chief, Santa Ana Branch
    Office

16   CHARLES E. PELL
    Assistant United States Attorney
    Santa Ana Branch Office